UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
YAXIN JING and RUI YIN WU, on behalf of
themselves and others similarly situated,

                Plaintiffs,

- against -

ANGEL TIPS, INC., KIOK LEE, and BYUNG K.
PARK,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
11-CV-05073 (RRM) (JMA)

ROSLYNN R. MAUSKOPF, United States District Judge.

On October 18, 2011, Yaxin Jing and Rui Yin Wu ("plaintiffs") filed this action, on behalf of themselves and others similarly situated, against Angel Tips, Inc. ("Angel Tips"), Kiok Lee, and Byung K. Park (each, "defendant"), alleging that plaintiffs are entitled to unpaid overtime compensation, among other things, under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.*, and state law. (Compl. (Doc. No. 1).) On April 20, 2012, defendant Lee filed a motion to dismiss for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(5), based on insufficient service of process. (Doc. No. 19.)

For the reasons set forth below, defendant Lee's motion is GRANTED.

## BACKGROUND

Plaintiffs are former employees of defendant Angel Tips, a nail salon operating in Oceanside, New York. Defendant Mr. Lee is the Chief Executive, and defendant Mr. Park is a principal, of Angel Tips. (Compl. ¶¶ 8–9.) On or about September 1, 2010, defendant Lee received a letter from plaintiffs' counsel alleging violations of FLSA and demanding payment. (Lee Aff. ¶ 3 & Ex. 1.) On or about October 1, 2010, defendant Lee's former accountant, Justin Kang, introduced her to Yohan Choi, an attorney, with whom defendant Lee then discussed

plaintiffs' letter. (*Id.* at ¶¶ 5–6.) According to defendant Lee, they did not discuss retention or a fee for services. (*Id.* at ¶ 7.) According to Mr. Choi, they had an informal understanding that he would work with plaintiffs' counsel to seek a compromise. (Choi Aff. ¶ 4.) Affidavits signed by defendant Lee and Mr. Choi diverge with respect to their communications after that date.

Mr. Choi claims that he spoke with defendant Lee several times between the date of their introduction and May 2011, regarding progress toward settlement and a draft agreement. (*Id.* at ¶¶ 5–8.) Mr. Choi also claims that in May 2011, defendant Lee told him that the then-current settlement offer, memorialized in a draft agreement, was unacceptable. (*Id.* at ¶¶ 8–9.) He affirms that he has not spoken to defendant Lee since that time. (*Id.* at ¶ 9.)

Defendant Lee claims that she did not have any discussions with Mr. Choi from the date of their introduction in October of 2010 until June 23, 2011. (Lee Aff. ¶ 8). Defendant Lee also claims that, on that date, Mr. Kang requested that defendant Lee come to his office, at which time he presented her with a draft settlement agreement and an invoice for services, on Mr. Choi's letterhead. (*Id.* at ¶¶ 8–10; *see also* Lee Aff. Ex. 2 (invoice on Choi & Park letterhead, dated June 23, 2011).) According to defendant Lee, she informed Mr. Kang that the agreement was unacceptable and was never authorized. (*Id.* at ¶ 11.) Defendant Lee then spoke to Mr. Choi, to whom she told the same. (*Id.* at ¶ 12.) According to defendant Lee, she did not speak to Mr. Choi between October 1, 2010 and June 23, 2011, nor has she spoken to Mr. Choi since June 23, 2011. (*Id.* at ¶¶ 8, 13.)

Plaintiffs filed this action on October 18, 2011. (Compl. (Doc. No. 1).) On the same day, plaintiffs' counsel, C.K. Lee ("plaintiffs' counsel"), contacted Mr. Choi via email, saying: "Yohan, I just filed the Complaint in the EDNY under 11-5073. Please let me know if you would be willing to accept service." (Ramo Aff. Ex. 5; Choi Aff. at ¶ 10.) On October 21, 2011,

Mr. Choi replied: "I will accept the service. However, I will be away for two weeks. So I will follow up after November 7, 2011." (Ramo Aff. Ex. 5; Choi Aff. at ¶ 11.)

On April 20, 2012, defendant Lee filed a motion to dismiss for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(5), based on insufficient service of process. (Doc. No. 19.) On April 25, 2012, Magistrate Judge Joan M. Azrack stayed discovery pending determination of the instant motion to dismiss brought by defendant Lee. (*See* Minute Entry for proceedings dated Apr. 25, 2012 (Doc. No. 22).) On July 2, 2012, plaintiffs' counsel filed a stipulation of dismissal as to defendants Park and Angel Tips, as well as a status report indicating defendants Angel Tips and Park's intentions to voluntarily dismiss their crossclaims against defendant Lee. (Joint Status Report (Doc. No. 25).) To date, no voluntary dismissal of the crossclaims has been filed.

## LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (internal quotation marks and citation omitted). Rule 4(c)(1) of the Federal Rules of Civil Procedure requires that a "summons be served with a copy of the complaint." Service must be made within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m).

"[T]he plaintiff bears the burden of proving adequate service." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005) (citation omitted). The plaintiff must, "through specific factual allegations and any supporting materials, make a prima facie showing that service was proper." *Kwon v. Yun*, No. 05–CV–1142 (GEL), 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21, 2006) (collecting cases). "Conclusory statements are insufficient to overcome a

defendant's sworn affidavit that he was not served." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002) (citation omitted). The court may "look to matters outside the complaint to determine whether it has jurisdiction." *Id*. at 387.

If a defendant is not served within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court thus has discretion to extend the time for service. However, if plaintiff shows good cause for the failure, "the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added).

**DISCUSSION**

Neither party alleges, nor has any evidence been submitted suggesting, that copies of the complaint and summons in this action were ever delivered to defendant Lee, to Mr. Choi, or to anyone representing defendant. Plaintiffs say, without any argument or support, that service was proper in this case, pointing solely to the email from plaintiffs' counsel to Mr. Choi, wherein the former asks if Mr. Choi will accept service, and Mr. Choi replies that he will. However, no complaint or summons was attached to the email, and neither party alleges that such documents were ever delivered to Mr. Choi (or defendant Lee) by any other means. Furthermore, as defendant Lee properly suggests, the email communication did not meet the requirements for waiver of service under Federal Rule of Civil Procedure 4(d)(1). *See* Fed. R. Civ. P. 4(d)(1)(A)–(G) (in writing, to individual defendant, with complaint, by first-class mail or other reliable means, etc.). Therefore, plaintiffs have failed to meet their burden of proving adequate service.[1]

---

[1] Plaintiffs make several references to their belief that Mr. Choi was authorized to accept service. However, they do not argue that service on Mr. Choi would have been sufficient, no doubt because no such service on Mr. Choi was ever actually made, regardless of whether it would have been sufficient. Even if service had been attempted on Mr. Choi, plaintiffs have not submitted any evidence demonstrating that defendant had appointed Mr. Choi as her agent for

4

If plaintiffs show good cause for the failure, a court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Here, there has been no reasonable effort to effect service on defendant. There is no evidence of any attempt to serve her personally or at her home or business. Nor does the email to Mr. Choi constitute a reasonable effort to effect service. A mistaken belief that service was proper is not good cause under Rule 4(m). *Obot v. Citibank South Dakota, N.A.*, 2006 U.S. Dist. LEXIS 75260, at *6 (W.D.N.Y. Oct. 17, 2006), *aff'd* 347 Fed. App'x 658 (2d Cir. 2009). Even if plaintiffs' counsel reason to believe Mr. Choi was authorized to accept service, no complaint or summons was ever delivered to Mr. Choi by any means. Neither did plaintiffs' seek an enlargement of time in which to effect service. In short, no true effort was ever made to properly serve defendant Lee, either personally, or even through a purported agent.

Plaintiffs argue that settlement negotiations provide good cause for the failure, and plaintiffs' counsel was only trying to avoid further litigation costs and fees. However, the only evidence of settlement negotiations provided to the Court occurred several months prior to the filing of the complaint, and allegedly involved an attorney with arguable authority to negotiate on the defendant's behalf. Most important, the defendant conclusively rejected the settlement offer several months prior to the filing of this action. These negotiations hardly serve as good

---

the receipt of process. While such an agency relationship may be implied from surrounding circumstances indicating the intent of the principal, "in New York, courts are reluctant to lightly imply such an agency." *Olympus Corp. v. Dealer Sales & Serv., Inc.*, 107 F.R.D. 300, 305 (citing cases). Furthermore, "an attorney's claim that he is authorized to receive process is not by itself sufficient; there must be some evidence that the client intended to grant such authority." *Id.* Moreover, simply serving in the capacity of attorney, or representing the client previously, does not render the attorney an agent for service of process. *Obot v. Citibank South Dakota, N.A.*, 2006 U.S. Dist. LEXIS 75260, at *6 (W.D.N.Y. Oct. 17, 2006), *aff'd* 347 Fed. App'x 658 (2d Cir. 2009). "Since service of process on an attorney not authorized to accept service for his client is ineffective . . . delivery was not sufficient to effect service . . . ." *Santos v. State Farm Fire & Casualty Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990).

cause for failure to serve within 120 days after the complaint was filed. Indeed, as discussed more fully below, even after the complaint was filed, and new counsel for defendant Lee raised lack of service, plaintiffs still failed to perfect service, even with time remaining to so do. Thus, plaintiffs have not established good cause for their failure to serve.

District courts also have discretion to grant extensions in the absence of "good cause." *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). Here, the parties do not dispute that the statute of limitations on plaintiffs' claims have run, at least in part. (*See* Pls.' Br. at 5; Def. Lee's Br. at 2.) Where, as here, dismissal without prejudice would constitute a de facto dismissal with prejudice, "the court must carefully consider the impact such an action will have on the parties." *Phillip v. City of New York*, No. 09-CV-442, 2012 WL 1598082, at *3 (E.D.N.Y. May 7, 2012); *Harper v. City of New York*, No. 09-CV-5571 (JG)(SMG), 2010 WL 4788016, at *9 (E.D.N.Y. Nov. 17, 2010). However, the Court need not grant an extension simply because plaintiffs will otherwise be barred from bringing their claims. *Id*. (citing *Zapata*, 502 F.3d at 197 ("Where, as here, good cause is lacking, but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal with prejudice, we will not find an abuse of discretion . . . so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." (footnote omitted))). "The factors bearing on whether to extend time to complete service of process include: (1) whether statutes of limitations would bar the refiling of this action; (2) whether the defendant had actual notice of the claims asserted in the complaint: (3) whether the defendant attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by extending the time for service." *DeMott v. Bacilious*, No. 11-CV 6966 (PAE), 2012 WL 601074, at *8 (S.D.N.Y. Feb. 24, 2012).

The statute of limitations may bar refiling in this action. Ordinarily, this weighs heavily in plaintiffs' favor. However here, this factor is tempered by the fact that plaintiffs filed this action after the statute of limitations had run on some if not all of plaintiffs' claims. As alleged in the complaint, plaintiffs intend to rely on their claimed assertion that Mr. Choi not only waived service on behalf of defendant Lee, but also waived the statute of limitations. (Comp. ¶ 13.) And again, defendant Lee denies that Mr. Choi was authorized to waive the statute of limitations. (*See* Doc. No. 4 at 2 n.1.) Thus, even with proper service, the statute of limitations poses a hurdle to plaintiffs' ability to press their claims.

It appears that defendant Lee did in fact gain actual notice of the claims in the complaint after her attorney noticed an appearance, albeit one limited for the purposes of challenging service. On the other hand, plaintiffs had ample time to effect service, yet failed to do so. Upon the filing of the complaint, plaintiffs could easily have served defendant Lee, or complied with Rule 4(d)'s requirements to obtain a proper waiver of service from an agent properly authorized to accept service on defendant's behalf. They did not do so. Even more troubling, plaintiffs failed to effect proper service even after defendant Lee's counsel filed a request for pre-motion conference, putting plaintiffs on notice of defendant's intention to move for dismissal based on insufficient service—approximately 35 days prior to the end of plaintiffs' 120-day period in which to serve process. (*See* Doc. No. 6.) Plaintiffs' counsel was obviously aware that he never arranged for service on anyone with the purpose of satisfying service obligations with respect to defendant Lee, and, upon the filing of the pre-motion conference letter, plaintiffs' counsel was plainly on notice of defendant Lee's specific arguments as to service. Yet, plaintiffs did not even attempt to serve defendant Lee during this time.

As to prejudice, the Court notes that this action was filed many years after the alleged wrongful conduct began and ended, and even after the statute of limitations had run on some or all of plaintiffs' claims. Witnesses and evidence were already potentially weakened by the delay in filing, and the failure to serve only exacerbated matters. In addition, plaintiffs' brief indicates that plaintiffs' counsel and Mr. Choi regularly negotiated around the rules regarding service of process on defendants under Federal Rule of Civil Procedure 4 in other cases in which they represented opposing sides. (*See* Pls.' Br. at 5.) While the Rules themselves make some accommodation for litigants to economize resources, s*ee, e.g.*, Fed. R. Civ. P. 4(d) (waiver of service), where, as here, the relationship between plaintiffs' counsel and Mr. Choi, and the informality of their joint practice, presents the risk that an unauthorized representative might bind or prejudice a defendant without his or her permission or knowledge, or worse, in direct contravention of his or her wishes. The unequivocal requirement of service of process is designed to obviate that concern; and here, plaintiffs' failure to serve directly flouted the rule, and undermined its purpose. To allow plaintiffs to try their luck by negotiating with a representative—without ever attempting actual service, even in the face of a challenge to service—and simply fall back on a belated request for a discretionary extension of time is not an acceptable course. Such an exception would swallow the rule.

"Even assuming the prejudice" to defendant Lee "was slight," plaintiffs "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and ha[ve] advanced no cognizable excuse for the delay." *Zapata*, 502 F.3d at 199. For these reasons, the Court grants defendant Lee's motion to dismiss for lack of personal jurisdiction due to plaintiffs' failure to effect service.

**CONCLUSION**

For the reasons set forth above, defendant Lee's motion to dismiss is GRANTED, and all claims against defendant Lee are hereby DISMISSED. As all other parties have settled, the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      March 11, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge